**Edward H. Trompke**, OSB #843653
ed.trompke@jordanramis.com
**Christopher K. Dolan**, OSB #922821
chris.dolan@jordanramis.com
JORDAN RAMIS PC
Two Centerpointe Dr., 6th Floor
Lake Oswego, Oregon 97035
Telephone: (503) 598-7070
Facsimile: (503) 598-7373

Attorneys for Plaintiffs Oregon Moms Union; Melissa Adams; Spud Monkey's Inc., an assumed business name of Water Hole No. 2 Saloon, Inc.; and Heart of Main Street

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| OREGON MOMS UNION, an Oregon political action committee; MELISSA ADAMS, an individual; and SPUD MONKEY'S, INC., an assumed business name of WATER HOLE NO. 2 SALOON, INC., an Oregon corporation; and HEART OF MAIN STREET, an Oregon political action committee,<br><br>        Plaintiffs,<br><br>    v.<br><br>KATHERINE "KATE" BROWN, in her official capacity as the Governor of the State of Oregon,<br><br>        Defendant. | Case No.<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

For its complaint against Defendant, Plaintiffs Oregon Moms Union; Melissa Adams;

Spud Monkey's Inc., an assumed business name of Water Hole No. 2 Saloon, Inc.; and Heart of

Page 1 –   COMPLAINT

Main Street (collectively with the members of the aforementioned political action committees whose interests they represent, hereafter "Plaintiffs") hereby complain and allege as follows:

## I.     INTRODUCTION

1. This is a civil action brought by Plaintiffs concerning certain Executive Order ("EO") 21-06 and EO Order 21-10 issued by Defendant. A copy of each are attached hereto as **Exhibit 1** and **Exhibit 2** respectively, and by this reference incorporated herein.

2. EO 21-06 subjects K through 12 public school children to unfair restrictions upon their education and upon their parents' control of their education that have no rational basis in fact.

3. EO 21-10 subjects certain Oregon businesses, including eating and drinking establishments to unfair restrictions upon their ability to conduct business that have no rational basis in fact.

4. Further, EO 21-06 and EO 21-10 create justiciable and immediately redressable violations of the Due Process Clause of the 14th Amendment to the United States Constitution, the Equal Protection Clause of the 14th Amendment to the United States Constitution, and claims of improper delegation under the Oregon Constitution.

5. Plaintiffs request this Court to issue a declaration that EO 21-06 and EO 21-10 violate Plaintiffs' rights and issue a temporary injunction barring their enforcement in whole or in part, during the pendency of this case.

## II.     JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343, because certain of the claims stated herein arise under the Constitution of the United States. Additionally, this Court has supplemental jurisdiction over any remaining state law claims under 28 U.S.C. § 1367.

40059-12345.EHT 4833-8508-2344.3

7.     Venue properly lies in this judicial district pursuant to 28 U.S.C. 1391(b), because Plaintiff entities are organized under the laws of the State of Oregon with principal places of business within the State of Oregon, and plaintiff Adams is the owner of an entity that operates within the State of Oregon, and a substantial part of the acts or omissions giving rise to the claims in this Complaint occurred or will occur within the State of Oregon.

8.     Further, 28 U.S.C. § 2201(a) permits this Court to adjudicate any actual controversy within its jurisdiction and may declare the rights and other legal relations of any interested party in this matter.  Any such declaratory relief shall have the force and effect of a final judgment.

### III.    PARTIES

9.     Plaintiff Oregon Moms Union ("Oregon Moms") is an Oregon Political Action Committee comprised of parents advocating for their K through 12 children/students in Oregon. Oregon's K through 12 public school children have been and will continue to be adversely affected by Executive Order 21-06.

10.    Plaintiff Melissa Adams ("Ms. Adams") is a Vancouver, Washington resident and is the owner of Spud Monkey's, Inc., an assumed business name of Plaintiff Water Hole No. 2 Saloon, Inc.  Ms. Adams has been, and will continue to be adversely affected by Executive Order 21-10.

11.    Plaintiff Spud Monkey's, Inc. ("Spud Monkey's"), is an assumed business name of Plaintiff Water Hole No. 2 Saloon, Inc., which is an Oregon Corporation.  Spud Monkey's is a Gresham, Oregon "eating and dining establishment" that has been and will continue to be adversely affected by Executive Order 21-10.

12.    Plaintiff Heart of Main Street ("Heart of Main Street") is an Oregon Political Action Committee comprised of Oregon business owners, including "eating and dining

establishments" in Oregon who have been and will continue to be adversely affected by Executive Order 21-10.

13.     Defendant Kate Brown ("Defendant") is the Governor of the state of Oregon, who was and is at all relevant times acting in her capacity as the holder of this office.

### IV.     FACTUAL ALLEGATIONS

14.     Defendant, as the Governor of the state of Oregon, serves as the Superintendent of Public Instruction, and further in her capacity as Governor of the state of Oregon, and pursuant to ORS 401.168(1), has, during a state of emergency, "complete authority over all executive agencies of state government, and the right to exercise, within the area designated in the proclamation, all police powers vested in the state by the Oregon Constitution(.)"

15.     On March 12, 2021, Defendant, citing her powers as Superintendent of Public Instruction, and her powers under, *inter alia*, ORS 401.168(1), issued Executive Order No. 21-06 ("EO 21-06"), "ordering public schools to offer fully on-site or hybrid in-person instruction, requiring all schools to continue to comply with health and safety protocols to control COVID-19."

16.     EO 21-06 provides, in pertinent part:

    1.     <u>Definitions</u>.

    * * *

        e.     *"Hybrid instructional model"* includes any instructional model that is not fully on-site and in-person (with all students attending on-site every day)(.)

    * * *

    3.     <u>In-person classroom instruction</u>.

        a.     Not later than the week of March 29, 2021 for grades K-5, and the week of April 19, 2021 for

>   grades 6-12, all public schools in Oregon shall be in operation to deliver educational services through either a hybrid instructional model or an on-site instructional model. After those dates, it will no longer be an option for public schools to exclusively offer a comprehensive distance learning instructional model.

17. On March 8, 2020, Defendant issued Executive Order 20-03 ("EO 20-03"), declaring a statewide state of emergency in response to the COVID-19 ("COVID") outbreak in Oregon.

18. In pertinent part, EO 20-03 provides that:

>   1. The Oregon Health Authority and the state Public Health Director shall take all actions necessary and authorized under ORS 401.651 to 401.670, ORS 433.443, and ORS 431A.015 to respond to, control, mitigate, and recover from the emergency, including but not limited to:
>
>   * * *
>
>   (d) Issuing guidelines for private businesses regarding appropriate work restrictions, if necessary.

19. Defendant has subsequently extended EO 20-03 six times.

20. On April 29. 2021, Defendant issued Executive Order 21-10, extending EO 20-03 for the seventh time for a period of an additional sixty (60) days.

21. On April 27, 2021, upon information and belief, Defendant announced updates to Oregon county COVID risk levels under the state's public health framework. As part of that update, Defendant placed no less than fifteen (15) Oregon counties in the "Extreme Risk" category, including, but not limited to Multnomah County and Clackamas County.

22. On April 28, 2021, the Oregon Health Authority issued guidelines ("Guidelines") pertaining to eating and dining establishments operating within counties placed in the "Extreme

Page 5 –   COMPLAINT

Risk." The Guidelines expressly prohibit indoor dining of any kind. A true and correct copy of the Guidelines is attached hereto as **Exhibit 3**, and by this reference incorporated herein.

23. The Guidelines allow businesses other than eating and dining establishments, regardless of whether such businesses operate within a County designated an "Extreme Risk" County, to operate indoors in some capacity.

24. As it pertains to certain of those businesses owned and operated by Plaintiffs Adams and Spud Monkey's, and those businesses that Heart of Main Street works on behalf of in the State of Oregon, *i.e.,* food and drink establishments, EO 21-10 completely removes any possibility of conducting a substantial portion of any typical bar or restaurant operation, namely the ability of such establishments to permit their patrons to enjoy food or drink on site in an indoor seating setting.

25. Since Defendant issued EO 20-03 in March of 2020, effective vaccinations against COVID infections have been developed and widely deployed throughout the state of Oregon. On April, 19, 2021, the COVID vaccines were made available, free of charge, to all Oregonians age 16 and over, after being made available to educators and older residents months earlier.

26. Upon information and belief, individuals who have been vaccinated are at an extremely low risk of COVID; only a small fraction of one-percent become infected, and an even smaller number become symptomatic and able to spread COVID.

27. On April 27, 2021, the federal Centers for Disease Control ("CDC") released updated guidelines (the "CDC Guidelines") that distinguish between vaccinated and unvaccinated persons, because the two classes present very different risks of COVID infection and spread, and because they present very different risks to the public and very different burdens

on public resources. A true and correct copy of the CDC Guidelines is attached hereto as **Exhibit 4**, and by this reference incorporated herein. The CDC has found that fully vaccinated people may, at its "safest" rating, eat at indoor restaurants and drink at indoor bars, while wearing a mask when not eating or drinking (that is, when entering or exiting).

28. Upon information and belief, approximately one-third of Oregonians have been fully vaccinated, and nearly one-half have received the first of two injections. As a result, at least one-third, and nearly one-half of Oregon's population is not likely to contract or spread COVID.

29. EO 21-10 fails to differentiate between vaccinated and unvaccinated persons, subjecting all to the same regulations and deprivations of liberty. There is no rational reason to subject vaccinated persons to deprivations of liberty, especially by executive order.

30. Plaintiffs and the businesses they represent have spent substantial sums to construct, build, and create indoor safety dividers and other safety precautions and protections. Such costs were incurred in reliance on previous executive orders of the Governor, and guidance of the state of Oregon, and CDC guidance, which executive orders and guidance were rationally based on medical and scientific facts. EO 21-10 lacks such rational basis in scientific and medical facts differentiating the categories or classes of (a) customers, vaccinated and unvaccinated, and (b) eating and drinking establishments that are prohibited from operating in an indoor setting, from those businesses that are allowed to continue to operate in an indoors setting.

31. EO 21-10 discriminates against those in the eating and dining businesses by permitting other similarly situated businesses to operate with only limited restrictions. For example, under EO 21-10 indoor grocery stores, retail stores, and indoor and outdoor malls may

continue to operate at 50% capacity within the Extreme Risk counties.

32. Plaintiffs maintain that they and those similarly situated should be able to continue business operations within the appropriate public health guidelines offered by the CDC and OHA, as applicable, without the differential restrictions imposed by the Guidelines.  They should be able to continue operations for vaccinated people without restrictions.

## V.    FIRST CLAIM FOR RELIEF

### (Equal Protection Clause and 42 U.S.C. § 1983)

33. Plaintiffs reallege and reincorporate the allegations above in Paragraphs 1, 3 through 8, 10 through 13, and 17 through 32 as if fully restated here.

34. EO 21-10 subjects Plaintiffs Adams, Spud Monkey's, and Heart of Main Street, and similarly situated persons or entities that fall into the definition of "food and drink" establishments" to civil and criminal penalties in violation of their rights to equal protection under law, and due process of law in that EO 21-10 is not supported by a rational basis under the circumstances.

35. EO 21-10 is therefore an impermissible exercise of Defendant's power as the Governor of the state of Oregon that violates the Equal Protection Clause, subjecting Plaintiffs to substantial fine and possible criminal sanctions for transgression of the Executive Order.  This violation of Equal Protection of the laws should be enjoined from enforcement during the pendency of this action until such time as this action has concluded.

36. Plaintiffs have no adequate remedy at law for this continuing violation of their rights under the United States Constitution.

37. EO 21-06 expressly finds that "(t)he science and data are clear:  schools can return to in-person instruction with a very low risk of COVID-19 transmission where, as here, strict health and safety guidelines are in place, and particularly with a vaccinated workforce."

Page 8 –    COMPLAINT

Because EO 21-06 allows schools not to open full time, EO 21-06 has no rational basis in fact and violates the equal protection rights of children and their parents' right to control their education.

## VI.    SECOND CLAIM FOR RELIEF

### (Due Process Clause and 42 U.S.C. § 1983)

38.    Plaintiffs reallege and reincorporate the allegations above in Paragraphs 1, 3 through 8, 10 through 13, and 17 through 32 as if fully restated here.

39.    Plaintiffs Adams, Spud Monkey's, and Heart of Main Street have a strong interest in conducting business operations in the state of Oregon free from unreasonable restrictions that are not supported by a rational basis and are entitled to the protection of the Fifth and Fourteenth Amendment guarantee that they not be deprived of liberty or property without due process of law.

40.    Plaintiffs Adams, Spud Monkey's, and Heart of Main Street have a right to operate their businesses without being treated unequally and unfairly by the imposition of EO 21-10.  However, EO 21-10 imposes a series of unevenly applied and irrational restrictions upon "food and drink establishments" that are not imposed on similarly situated businesses and there is no rational basis for such differential treatment.

41.     Plaintiffs Adams, Spud Monkey's, and Heart of Main Street and vaccinated individuals have a right to congregate in Plaintiffs' business establishments without being treated unequally and unfairly by the imposition of EO 21-10.  However, EO 21-10 imposes a series of irrational restrictions upon vaccinated customers who are not susceptible to COVID.

42.    Plaintiffs Adams, Spud Monkey's, and Heart of Main Street and others operating "easting and dining establishments" are required to obtain licenses, permits, and/or approvals

from various state, county, and local jurisdictions to do business.  There are created property rights in these licenses, permits, and/or approvals that cannot be infringed without the due process of law.  However, EO 21-10 does just this without due process of law and without any rational basis.

43.     EO 21-10 is an impermissible exercise of Defendant's power as the Governor of the state of Oregon that violates the Due Process Clause.  This violation should be enjoined from enforcement during the pendency of this action until such time as this action has concluded.

44.     Plaintiffs have no adequate remedy at law for this continuing violation of their rights under the United States Constitution.

45.     EO 21-06 expressly finds that "(t)he science and data are clear:  schools can return to in-person instruction with a very low risk of COVID-19 transmission where, as here, strict health and safety guidelines are in place, and particularly with a vaccinated workforce."  Because EO 21-06 allows schools not to open full time, EO 21-06 has no rational basis in fact and violates the due process rights of children and their parents' right to control their education.

## VII.    THIRD CLAIM FOR RELIEF

### (Improper Delegation – Oregon Constitution, Article III, Section 1)

46.     Plaintiffs reallege and reincorporate the allegations above in Paragraphs 1, 2, and 4 through 10 as if fully restated here.

47.     Article VIII section 3 Oregon constitution and ORS 339.010 require a uniform system of public schools that all students must attend, unless exempted by ORS 339.030.

48.     Article III, Section 1 of the Oregon Constitution provides that the powers of the Government shall be divided into three separate branches – Legislative, Executive, and Judicial – and that no person charged with official duties under one of these branches shall exercise the

functions of another unless expressly provided for in the Oregon Constitution.

49. By imposing EO 21-06, which expressly finds that "(t)he science and data are clear: schools can return to in-person instruction with a very low risk of COVID-19 transmission where, as here, strict health and safety guidelines are in place, and particularly with a vaccinated workforce(,)" Defendant has exceeded her powers as leader of the Executive Branch in violation of Article III section 1, Oregon Constitution. Plaintiff Oregon Moms Union, and the parents of K through 12 public school students they represent, are entitled to an injunction prohibiting EO 21-06 from taking effect or being applied because it is the product of unlawful delegation or usurpation of legislative authority to Defendant. Plaintiffs have no adequate remedy at law for this continuing violation of their rights under the Oregon Constitution and Oregon law.

## VIII.   PRAYER FOR RELIEF

1. Plaintiffs request this Court enter an injunction that will prevent both EO 21-06 and EO 21-10 from being enforced during the pendency of this Action:

   (a) Under Plaintiffs' Third Claim, Improper Delegation in its entirety; and/or

   (b) Under Plaintiffs' First and Second Claims,

   (1) in part as to indoor, on-premises service and consumption of food and drink.

2. For a declaration in Plaintiffs' favor under the First Claim for Relief, that both EO 21-06 and EO 21-10 violates the Due Process Clause;

3. For a declaration in Plaintiffs' favor under the Second Claim for Relief, that both EO 21-06 and EO 21-10 violates the Equal Protection Clause;

/ / /

/ / /

/ / /

4. For Plaintiffs' attorneys' fees as permitted by law; and

5. For all such other relief deem just and equitable by the Court.

DATED this 4th day of May 2021.

JORDAN RAMIS PC

By: *s/ Christopher K. Dolan*
Edward H. Trompke, OSB #843653
ed.trompke@jordanramis.com
Christopher K. Dolan, OSB #922821
chris.dolan@jordanramis.com
Two Centerpointe Dr 6th Flr
Lake Oswego OR 97035
Telephone: (503) 598-7070
Facsimile: (503) 598-7373

*Attorneys for Plaintiffs Oregon Moms Union; Melissa Adams; Spud Monkey's Inc., an assumed business name of Water Hole No. 2 Saloon, Inc.; and Heart of Main Street*